# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 16-33245-DHW |
| | Chapter 13 |
| LATISHA DENISE WILLIAMS, | |
| Debtor. | |

| | |
|---|---|
| In re: | Case No. 16-33271-DHW |
| | Chapter 13 |
| CHAKATA MITCHELL, | |
| Debtor. | |

## MEMORANDUM OPINION

Before the court in these two chapter 13 cases are substantially similar motions by Alabama Better Cars ("ABC") to reject automobile leases and turn over the vehicles based on the debtors' failure to assume the leases in accordance with 11 U.S.C. §365. The plans filed by the debtors were confirmed without objection by ABC. Those plans treat ABC's claims as conditional sales contracts rather than leases. ABC's motions came on for hearing on May 22, 2017. For the reasons that follow, the motions will be denied.

### Jurisdiction

The court's jurisdiction in these contested matters is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court referred its title 11 jurisdiction to the Bankruptcy Court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because these are core proceedings pursuant to 28 U.S.C. § 157(b), this court's jurisdiction extends to the entry of a final order or judgment.

### Findings of Fact

#### A. Williams

Latisha Williams filed a chapter 13 petition on November 15, 2016. Williams included ABC as a creditor on the petition's mailing matrix. In her schedules, Williams listed ABC

as the holder of a claim secured by a 2006 Mazda 3. The total amount of the claim was listed as $6,700 of which $3,500 was unsecured. Williams did not list ABC on "Schedule G: Executory Contracts and Unexpired Leases." ABC did not file a proof of claim. The debtor's plan notated the debt as a 910 claim and allotted a $32.00 adequate protection payment and $150.00 specified monthly payment. The claim was to be paid in full over the term of the plan at 4.55% interest rate. ABC does not contend that it did not receive notice of the petition or plan. On February 13, 2017, a confirmation hearing was held. ABC did not file an objection prior to the hearing or advance an objection at the hearing. An Order Confirming Chapter 13 Plan entered on February 20, 2017.

On May 2, 2017, ABC filed the instant Motion to Deem Lease Rejected. The creditor contends that despite debtor's treatment of the debt as an installment sales contract, it is in fact a true lease. Thus, because the debtor did not assume the lease and has failed to make any lease payments since filing, ABC contends that the lease should be deemed rejected and the vehicle turned over to ABC.

In response, the debtor declined to discuss whether the form of the transaction was that of a lease or an installments sales contract. Instead, debtor contends that the confirmation of the plan fixed the rights of the parties and bars ABC from disputing the claim's treatment.

### B. Mitchell

Chakata Mitchell filed a chapter 13 petition on November 17, 2016. ABC was included on the creditor's mailing matrix and in debtor's schedules. ABC did not file a proof of claim. Similar to Williams' case, Mitchell did not list the debt for her 2006 Dodge Durango as a lease in the plan or schedules. Instead, her plan treated the claim as an installment sales contract and treated the vehicle debt as a 910 claim. Debtor provided a $60 adequate protection payment and $175 specified monthly payment on the $8,000 debt. A confirmation hearing was held on April 3, 2017. ABC did not object and an Order Confirming Chapter 13 Plan entered April 7, 2017.

On May 2, 2017, ABC filed a Motion to Deem Lease Rejected that was essentially identical to the Williams motion with the exception of the vehicle's description. Counsel for the debtor did not file a response, but orally objected to creditor's motion at the hearing on May 22, 2017.

### Conclusions of Law

A bankruptcy court's order confirming a proposed plan is a final judgment. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269, 130 S. Ct. 1367, 1376, 176 L. Ed. 2d 158 (2010). Plans containing errors, omissions, and miscalculations have consistently withstood untimely appeals and objections when the interested party failed to object prior

to confirmation. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C.A. § 1327(a).

The Eleventh Circuit has found "that the ability to object to a claim generally evaporates upon the bankruptcy court's confirmation." *Hope v. Acorn Fin., Inc.*, 731 F.3d 1189, 1194 (11th Cir. 2013)(finding that confirmed chapter 13 plan also binds the trustee from mounting post-confirmation challenges); *In re Bateman*, 331 F.3d 821, 822 (11th Cir. 2003)("[A] secured creditor cannot collaterally attack a confirmed Chapter 13 plan, even though the plan conflicted with the mandatory provisions of the bankruptcy code, when the secured creditor failed to object to the plan's confirmation or appeal the confirmation order."); *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990)("[W]hen the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan."). *See also Lomas Mortgage USA v. Wiese,* 980 F.2d 1279, 1284 (9th Cir. 1992), *vacated on other grounds,* 508 U.S. 958, 113 S.Ct. 2925, 124 L. Ed. 2d 676 (1993) ("An order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing."); *see also Fietz v. Great Western Savings (In re Fietz),* 852 F.2d 455, 458 (9th Cir. 1988) ("Once a Chapter 13 plan is confirmed, all of the property of the estate vests in the debtor and creditors are precluded from asserting any other interest than that provided for them in the confirmed plan.").

Similar to the case here, a creditor in *In re Wakefield*, 217 B.R. 967 (Bankr. M.D. Ga. 1998) alleged that the chapter 13 debtor had failed to assume a lease in a timely fashion and sought stay relief. Judge Laney delved into the issue of whether the alleged lease was actually a disguised security agreement and discussed in detail the factors necessary to distinguish the two. While finding that the contract at issue was in fact a disguised sale contract, Judge Laney ultimately concluded that, because the creditor had notice and did not object, the parties were bound by the confirmed plan. *Id*. at 972-73 ("'[A] creditor that had the opportunity to object that the plan did not meet the requirements for confirmation may not later assert any interest other than that provided for it by the confirmed plan.'")(quoting *In re Eason,* 178 B.R. 908, 912 (Bankr. M.D. Ga. 1994)).

Here, it is unnecessary to decide whether the contracts at issue are leases or sales contracts. The records in both cases reveal that ABC had notice of the debtor's bankruptcy cases, plans, and hearing dates and ABC does not allege any inadequacy with the noticing. ABC was provided for in the debtors' plans, but the creditor did not file any objection, appear in court at the confirmation hearings, or otherwise participate pre-confirmation. Accordingly, ABC cannot prevail on this post-confirmation challenge due to the binding effect of a confirmed chapter 13 plan.

Conclusion

For the foregoing reasons, ABC's motions will be denied. Separate orders will enter accordingly.

Done this the 16th day of June, 2017.

/s/ Dwight A. Williams, Jr.
Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
David Weston, Attorney for the Debtor-Williams
Stephen Klimjack, Attorney for the Debtor-Mitchell
Charles N. Parnell, Attorney for Creditor
Alabama Better Cars, Creditor
Bankruptcy Administrator
Sabrina L. McKinney, Trustee